UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel J. Campbell,
    Petitioner,

vs.                                           Case No. 1:08cv311
                                                     (Spiegel, S.J.; Black, M.J.)

Warden, Madison Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Madison Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 4), respondent's "Answer/Return Of Writ" with exhibits (Doc. 10),[1] and petitioner's "traverse" in reply to the return of writ (Doc. 17).

**Procedural Background**

On March 19, 2001, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of attempted murder as defined in Ohio Rev. Code §§ 2903.02 and 2923.02(A) and two counts of aggravated arson as defined in Ohio Rev. Code § 2909.02(A). (*See* Doc. 10, Ex. 1). After a jury trial, petitioner was acquitted of attempted murder and convicted on the two aggravated arson counts. (*See id.,* Ex. 2). He was sentenced to consecutive terms of imprisonment totaling 18 years. (*Id.*).

---

[1] On July 21, 2008, respondent manually filed the trial transcript, which also is included as part of the record before this Court.

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. On March 15, 2002, the Court of Appeals reversed petitioner's conviction on the ground that prejudicial error occurred when an expert witness improperly testified that the fire was caused by petitioner's pouring lighter fluid on victim Stacy Porter and setting her on fire. (*Id.,* Ex. 3, Opinion, pp. 11-14). Because the appellate court also found that there was sufficient evidence in the trial record to support a finding of guilt for aggravated arson, the case was remanded to the trial court for a new trial. (*See id.*, pp. 14-15).

Prior to petitioner's second trial, petitioner moved to dismiss the charges "for lack of speedy trial," and filed a *pro se* motion to disqualify the "entire Hamilton County Prosecution Office;" the motions were overruled. (*See id.,* Exs. 5-6 &. Ex. 20). After a second jury trial, petitioner was again convicted on the two aggravated arson charges. (*See id.,* Ex. 7). On December 18, 2002, he was sentenced again to consecutive terms of imprisonment totaling 18 years. (*Id.*).

On December 16, 2002, two days before the final "Judgment Entry" was filed, petitioner's counsel moved for a new trial, claiming that the "evidence was not sufficient for the jury to conclude that the State proved aggravated arson beyond a reasonable doubt." (*Id.*, Ex. 8, ¶ 6). On January 15, 2003, counsel supplemented the motion with the affidavit of Stuart Gregory, who averred that the arson victim told him that "she did not know what happened and what she said in the trial about how she was set on fire by [petitioner] was what they told her happened." (*Id.,* Ex. 9). The new trial motion was overruled after a hearing held on January 15, 2003, where the trial judge stated his doubts about Stuart Gregory's credibility and found that "even disregarding all of [the victim's] testimony, there is still enough evidence to convict [petitioner]." (*Id.,* Ex. 10; *see also* Vol. 5 Tr. 902-05).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising the following assignments of error in his brief on appeal: (1) the trial court erred in overruling his objections to the testimony of the State's expert witness; (2) the trial court erred in sentencing him on the two aggravated arson charges, which "should have been merged as offenses of similar import;" (3) the trial court erred in overruling his motion for new trial; (4) the evidence was insufficient to support the verdicts of guilt for aggravated arson; (5) the guilty verdicts were "contrary to law" and "against the manifest weight of the evidence;" and (6) the sentence imposed "was excessive,

2

did not comply with the sentencing guidelines, and was based on factors outside the guidelines." (*Id.,* Ex. 11).

On December 30, 2003, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 13).[2] Petitioner's appellate counsel timely sought leave to appeal to the Supreme Court of Ohio, raising the same claims of error that had been presented on direct appeal to the Ohio Court of Appeals. (*Id.,* Ex. 14). On April 14, 2004, the state supreme court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Exs. 16, 74).

On November 3, 2003, during the pendency of petitioner's appeal before the Ohio Court of Appeals, petitioner filed a *pro se* petition "to vacate or set aside judgment of conviction or sentence" with the trial court, which was denied on February 20, 2004. (*Id.,* Exs. 17, 21). Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District; on November 24, 2004, the state appellate court affirmed the trial court's judgment. (*See id.,* Exs. 22-26). On December 10, 2004, petitioner filed a motion for reconsideration, which was denied on December 30, 2004. (Doc. 10, Exs. 27-28, 71).

Next, on January 26, 2005, petitioner filed a motion for leave to file a delayed appeal to the Supreme Court of Ohio, which was granted. (*See id.,* Ex. 75). However, on August 10, 2005, upon consideration of petitioner's subsequently-submitted jurisdictional memoranda, the state supreme court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.* & Ex. 32).

In the meantime, on April 6, 2005, petitioner filed a *pro se* motion to correct sentence with the trial court, wherein he claimed that his sentence was unconstitutional under the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004). (*See id.,* Exs. 37-38). The trial court denied the motion on November 7, 2005. (*Id.*, Ex. 41).

Petitioner appealed to the Ohio Court of Appeals, First Appellate District,

---

[2] Judge Painter, who was on the three-judge panel considering petitioner's appeal, dissented as to the assignment of error challenging the State expert witness's testimony and "reluctantly" concurred with respect to the "allied offense" sentencing issue. (Doc. 10, Ex. 13, p. 12).

3

which affirmed the trial court's judgment on September 20, 2006. (*See id.,* Exs. 42, 45). Petitioner sought leave to appeal to the Supreme Court of Ohio; on March 14, 2007, the state supreme court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Exs. 48, 50, 77).

In July 2005, while petitioner's *pro se* post-conviction petition and motion to correct sentence were still pending in the state courts, petitioner filed a *pro se* federal habeas petition with this Court in Case No. 1:05cv487 (Dlott, J.; Hogan, M.J.). (*See id.,* Ex. 33). In the petition, petitioner alleged that (1) the prosecutor failed to disclose evidence favorable to the defense; (2) his conviction was "obtained by a violation of the protection against double jeopardy," and after the time to try the case had expired; (3) his trial counsel was ineffective because he caused the trial judge to state to the jury the substance of the attempted murder charge, he failed to investigate or secure witnesses to show petitioner's "actual innocence," and he failed to effectively examine witnesses; and (4) his appellate counsel was ineffective in failing "to argue on appeal the issues of [prosecutorial bias], ... speedy trial violation, and ineffective counsel at trial." (*Id.*, pp. 5-6).

On September 26, 2006, the Court dismissed the petition without prejudice to refiling after petitioner "exhausted the available remedy of a delayed application to reopen his appeal pursuant to Ohio R. App. P. 26(B) [with respect to his ineffective assistance of appellate counsel claim], in addition to the currently pending appeal from the denial of his motion to correct sentence, through the requisite levels of state court review." (*Id.,* Exs. 34-36).

A month later, on October 24, 2006, petitioner filed a second motion for new trial with the Hamilton County Common Pleas Court. (*Id.,* Ex. 53). He claimed in the *pro se* motion that (1) certain defense witnesses were not secured to testify that petitioner "was not home at the time the fire ... started;" (2) the prosecutor was biased; (3) trial counsel was ineffective in failing to secure the testimony of an emergency medical technician to defend against the "false testimony" of one of the State's witnesses, "E.M.T. Salvador Fucito;" and (4) trial counsel was ineffective in failing to secure certain witnesses who would testify in support of the defense theory that Porter started the fire and had lied about petitioner's role in the incident. (*Id.*).

On November 27, 2006, the trial court denied petitioner's motion for new trial, finding that "the motion [was] untimely, relie[d] almost exclusively on

inadmissible hearsay evidence, and [was] barred by res judicata." (*Id.,* Ex. 56). Petitioner did not file a timely appeal from this decision to the Ohio Court of Appeals. On January 2, 2007, he filed a notice of appeal, but the Ohio Court of Appeals, First Appellate District, *sua sponte* dismissed the appeal on January 31, 2007, "for failure of the appellant to comply with the Ohio Rules of Appellate Procedure to wit: the notice of appeal was not timely filed." (*Id.,* Exs. 57, 58).

Petitioner filed a motion for reconsideration with the Ohio Court of Appeals, which was overruled on March 14, 2007. (*Id.*, Exs. 59, 62). Although petitioner did not pursue an appeal to the Supreme Court of Ohio from the Court of Appeals' January 31, 2007 *sua sponte* dismissal order, he did seek leave to appeal the appellate court's March 14, 2007 denial of his motion for reconsideration. (*See id.,* Exs. 63-64, 73). On August 29, 2007, the state supreme court declined jurisdiction to hear the case and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Exs. 65, 78).

On February 8, 2007, while he was pursuing the state appellate court's reconsideration of its January 31, 2007 Order dismissing the appeal from the denial of his second motion for new trial, petitioner filed a *pro se* application for delayed reopening of the direct appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 66). Petitioner claimed as "good cause" for his delay in filing that his appellate counsel only notified him of the direct appeal and post-conviction petition remedies, and he therefore was unaware of the reopening remedy until he was informed of it by the United States District Court in dismissing his 2005 federal habeas petition without prejudice on exhaustion grounds. (*Id.,* pp. 1-2). Petitioner also contended that his delay in filing was due to his "limited access" to legal materials, his lack of legal training, and delays in receiving "copies, as well as postages." (*Id.,* p. 2).

On March 14, 2007, the Court of Appeals denied petitioner's application for delayed reopening of the appeal. (*Id.,* Ex. 68). The court reasoned:

> Campbell failed to file his application within the 90 days prescribed by App.R. 26(B)(1). He asserts that the filing delay was justified because he is unversed in the law, because he had limited access to legal resources, and because his appellate counsel failed to advise him concerning App.R. 26(B).

5

> But neither ignorance of nor inexperience with the law constitutes good cause for a filing delay. Nor does limited access to library resources excuse a delay. And because an applicant has no right to counsel to assist in filing an application to reopen an appeal, an alleged deficiency in appellate counsel's performance following our entry of judgment in an appeal will not excuse a filing delay.
>
> Thus, Campbell failed to demonstrate good cause for his filing delay.

(*Id.*) (footnotes omitted). Apparently, petitioner did not pursue an appeal from this decision to the Supreme Court of Ohio. (*Id.,* Brief, p. 12 & Ex. 69).

Over a year later, in March 2008, petitioner filed a motion "for appointment of counsel to re-file habeas corpus petition" with this Court; the motion, which was executed on March 20, 2008, was received by the Clerk of Court on March 26, 2008. (*See* Doc. 1). On April 1, 2008, the Court denied petitioner's motion for appointment of counsel, and ordered petitioner to file a renewed petition for habeas corpus relief within 30 days. (Doc. 2).

Petitioner next filed the instant habeas corpus petition. The petition, which was stamped as "filed" on May 5, 2008, contains petitioner's signed declaration that the petition was placed in the prison mailing system on April 24, 2008. (Doc. 4, p. 21). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it therefore appears the petition was delivered to prison authorities for mailing and thus "filed" for statute of limitations purposes on April 24, 2008.

In the petition, petitioner alleges ten grounds for relief:

**Ground One:** Trial court erred to the prejudice of the defendant by overruling his objections to the testimony of the State's expert witness, Lieutenant Wolf, as that testimony was improper and bolster[ed] Porter[']s credibility as a witness....

**Ground Two:** Trial court erred to the prejudice of the defendant in sentencing him on [the aggravated arson] counts ..., as those counts should have been merged together.

**Ground Three:** Trial court erred to the prejudice of defendant in overruling his [first] motion for new trial as (A) he presented newly discovered evidence and (B) evidence was overlooked.

**Ground Four:** The jury erred to the prejudice of the appellant by finding him guilty of agg. arson as those findings were not supported by sufficient evidence, and the State failed to meet its burden of proof.

**Ground Five:** The jury erred to the prejudice of the defendant by finding him guilty of agg. arson, as those findings were contrary to law, and were against the manifest weight of evidence.

**Ground Six:** The trial court erred to the prejudice of defendant by imposing a sentence that is contrary to law because it is excessive, did not comply [with] the sentencing guidelines, and is based on factors outside the guidelines.

**Ground Seven:** Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defense.

**Ground Eight:** Conviction obtained by a violation against double jeopardy, and the time to try the case expired and conviction overturned.

**Ground Nine:** Denial of effective assistance of [trial] counsel.

**Ground Ten:** Ineffective counsel on appeal.

(Doc. 4, pp. 6, 8, 9, 11, 12, 14, 16-A, 17-A).

In the return of writ filed in response to the petition, respondent contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.

1214. (Doc. 10, Brief, pp. 13-22). Respondent also argues that several of petitioner's grounds for relief are not cognizable and that petitioner has waived several claims due to his procedural defaults in the state courts. (*Id.,* pp. 22-47). Finally, respondent addresses the merits of a "portion of [petitioner's] ninth ground for relief that has not been procedurally defaulted." (*Id.,* pp. 47-58).

In his "traverse" in reply to the return of writ, petitioner essentially claims that the instant petition was timely filed, that he has exhausted all his claims for relief in the state courts, and that in any event, the petition is subject to review because "[t]his is a case of actual innocence." (Doc. 17, pp. 2, 15, 16).

## OPINION

### The Petition Should Be Dismissed As Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner seeks relief based on alleged errors that occurred and were discoverable at the time of his second trial and before the conclusion of the direct review proceedings after that trial.[3] Therefore, as respondent has argued (*see*

---

[3] Petitioner has never suggested, even in the prior federal habeas action, that the facts underlying his ineffective assistance of appellate counsel claim were not discoverable in the exercise of due diligence before the conclusion of direct review. Indeed, in dismissing the prior petition without prejudice, the Court addressed the potential statute of limitations issue; specifically, in the Report and Recommendation, which was ultimately adopted by the Court, the

Doc. 10, Brief, p. 13), the petition is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review.

Petitioner's conviction and sentence became "final" within the meaning of § 2244(d)(1)(A) on July 13, 2004, when the 90-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the state supreme court's April 14, 2004 decision declining jurisdiction to hear petitioner's appeal. *See Lawrence v. Florida,* 549 U.S. 327, 333 (2007) (citing *Clay v. United States,* 537 U.S. 522, 527-28 (2003)).

Although the statute of limitations normally would have commenced running one day later on July 14, 2004, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), petitioner had filed a petition for post-conviction relief, which was pending in the state courts at that time. Because petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review, the post-conviction petition served to toll the limitations period under 28 U.S.C. § 2244(d)(2).

Therefore, the statute of limitations did not commence running until January 9, 2005, the day after the 45-day period expired for filing a timely appeal to the Supreme Court of Ohio from the state appellate court's November 24, 2004 decision affirming the denial of post-conviction relief.[4] The statute ran only briefly

---

magistrate judge concluded that the one-year statute of limitations set forth in § 2244(d)(1)(A) governed petitioner's claims (including his ineffective assistance of appellate counsel claim) because the alleged errors occurred and were discoverable before the conclusion of direct review. (*See* Doc. 10, Ex. 34, p. 10; Exs. 35-36). Petitioner has added six more claims for relief in the instant petition; however, the additional claims, which were raised on direct appeal by petitioner's appellate counsel, are also governed by § 2244(d)(1)(A).

[4] Under Ohio law, a motion for reconsideration does not extend the time for an appeal. *See, e.g., State v. Stranan,* No. 2004CA00172, 2005 WL 299815, at *2 (Ohio Ct. App. Feb. 7, 2005) (unpublished) (relying on *Pitts v. Ohio Dep't of Transp.,* 423 N.E.2d 1105 (Ohio 1981), and *Kauder v. Kauder,* 313 N.E.2d 797 (Ohio 1974), in holding that state court's ruling on a motion for reconsideration in a criminal case was a "nullity and did not extend the time for appeal"); *State v. Flynn,* No. CA 10152, 1987 WL 7502 (Ohio Ct. App. Mar. 6, 1987)

for 17 days before it was tolled on January 26, 2005 by petitioner's filing of his motion for leave to file a delayed appeal to the Supreme Court of Ohio, which was granted. (*See* Doc. 10, Ex. 75).

The statute remained tolled during the pendency of petitioner's delayed appeal to the state supreme court, as well as through the state court proceedings on his motion to correct sentence which commenced in April 2005 and concluded on March 14, 2007. (*See id.,* Exs. 37-38, 42, 45, 48, 50). In the meantime, while these matters were pending in the state courts, petitioner filed his first federal habeas petition, which was dismissed without prejudice on September 26, 2006 within the tolling period.[5] (*See id.,* Exs. 33-36).

---

(unpublished); *State v. Hall,* No. CA-2854, 1982 WL 3030 (Ohio Ct. App. July 1, 1982) (unpublished). Therefore, petitioner's motion for reconsideration, which was denied on December 30, 2004, could not be taken into account for tolling purposes under 28 U.S.C. § 2244(d)(2).

By the same token, although petitioner did not timely appeal the state appellate court's November 24, 2004 decision affirming the denial of post-conviction relief, the 45-day period in which petitioner could have sought leave to appeal to the Supreme Court of Ohio is included in the tolling calculation. *See, e.g., Martin v. Wilson,* 110 Fed.Appx. 488, 490 (6th Cir. Aug. 11, 2004) (not published in Federal Reporter) (citing *Carey v. Saffold,* 536 U.S. 214, 219-20 (2002)) (state post-conviction petition was "still 'pending' for purposes of § 2244(d)(2)" during the 30-day period in which the petitioner could have timely appealed the trial court's denial of post-conviction relief); *Gravitt v. Tyszkiewicz,* 35 Fed.Appx. 116, 118 (6th Cir. Jan. 24, 2002) (not published in Federal Reporter) (citing *Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000)) ("Regardless of whether a petitioner actually appeals the denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); *cf. Workman v. Wolfenbarger,* Civ. No. 2:08-14101, 2009 WL 236115, at *3 & n.3 (E.D. Mich. Jan. 29, 2009) (unpublished) (taking into account for tolling purposes the period of time in which the petitioner could have sought leave to appeal a state post-conviction ruling, although noting an "apparent conflict" in the Sixth Circuit regarding Michigan's allowance of a one-year period in which to file a delayed application for leave to appeal). *But cf. Lawrence v. Florida,* 549 U.S. 327, 330-36 (2007) (tolling under 28 U.S.C. § 2244(d)(2) does not take into account the period of time in which petitioner sought or could have sought *federal* certiorari review by the Supreme Court).

[5] Even assuming, *arguendo,* that the federal habeas petition remained pending after March 14, 2007, it would not have extended the tolling period. In *Duncan v. Walker,* 533 U.S. 167 (2001), the United States Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that tolls the limitations period under § 2244(d)(2).

Petitioner also filed a second motion for new trial in October 2006, and a motion for delayed reopening of the appeal on February 8, 2007. (*See id.,* Exs. 53, 66). Petitioner's application for reopening was denied on March 14, 2007 on the ground that it was not timely filed, and petitioner's appeal from the denial of his second motion for new trial was *sua sponte* dismissed on January 31, 2007 based on petitioner's failure to file a timely notice of appeal. (*See id.,* Exs. 57, 58, 68).[6]

Neither the delayed reopening application nor petitioner's second motion for new trial served to extend the limitations period in this case because neither pleading was "properly filed" within the meaning of § 2244(d)(2). In *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), the United States Supreme Court held that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.

Thereafter, the Sixth Circuit ruled that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely-filed is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002). In so holding, the Sixth Circuit emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771.

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness

---

[6] It is noted that petitioner pursued further relief in the proceedings held on his motion for new trial by filing a motion for reconsideration with the Court of Appeals and appealing the denial of his motion for reconsideration to the Supreme Court of Ohio. (*See* Doc. 10, Exs. 59, 62-64, 73). However, the denial of petitioner's motion for reconsideration on March 14, 2007 and the Supreme Court of Ohio's August 29, 2007 entry declining jurisdiction to hear the case and summarily dismissing the appeal did not result in any modification of the initial Order entered January 31, 2007 *sua sponte* dismissing petitioner's appeal based on petitioner's failure to file a timely notice of appeal.

grounds is not "properly filed" and is therefore not subject to statutory tolling under § 2244(d)(2). In that case, the state post-conviction statute had recently been amended, and its application was unclear. *See Walker v. Norris,* 436 F.3d 1026, 1031 (8th Cir. 2006) (citing district court decision in *Pace* published at 151 F.Supp.2d 586, 588 (E.D. Pa. 2001)). The trial court ruled on the merits of the petition, and it was not until petitioner's appeal that the state appellate court interpreted the amended statute to require the dismissal of the petition as untimely-filed. *Id.* (citing *Pace,* 151 F.Supp.2d at 589-90).

In the federal habeas action which followed, the district court determined that the state petition was properly filed within the meaning of § 2244(d)(2) "because the petitioner complied with the filing requirements as they existed at the time." *Id.* (citing *Pace,* 151 F.Supp.2d at 590-91). On appeal, the Third Circuit reversed, and the Supreme Court affirmed, concluding that "time limits, no matter their form, are 'filing' conditions" which must be met for a state collateral review petition to be deemed "properly filed" under § 2244(d)(2). *Pace,* 544 U.S. at 417.

In so holding, the Supreme Court rejected the argument that "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 413. The Court reasoned:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.*

In addition, the Supreme Court was not persuaded by petitioner's argument challenging the fairness of the decision to the extent a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus time-barred in a subsequent federal habeas proceeding. *Id.* at 416. The Court stated that a prisoner seeking state post-conviction relief instead could "avoid this predicament" by "filing a

'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted," and that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*

Finally, the Supreme Court expressly held that as it had intimated in a prior case – *Carey v. Saffold,* 536 U.S. 214, 226 (2002): "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414.

Accordingly, in light of *Pace* and Sixth Circuit case-law interpreting the phrase "properly filed" as set forth in 28 U.S.C. § 2244(d)(2), the undersigned concludes that because the Ohio Court of Appeals denied petitioner's delayed application for reopening of the appeal on timeliness grounds and dismissed petitioner's appeal from the denial of his second motion for new trial on the ground that the notice of appeal was not timely filed, the statute of limitations was not tolled at all during the pendency of those proceedings.

The clock, therefore, began to run again on March 15, 2007, the day after the Supreme Court of Ohio issued the final entry in the proceedings held on petitioner's motion to correct sentence filed in April 2005.[7] (*See* Doc. 10, Exs. 50, 77). The statute of limitations, which continued running without any additional statutory tolling, expired 348 days later on February 26, 2008. Petitioner did not take any action to file a second federal habeas petition until March 20, 2008, when he signed a motion for appointment of counsel to assist in refiling a petition; the petition itself was not "filed" until April 24, 2008. (*See* Docs. 1, 4). Even assuming, *arguendo*, that the earlier date of March 20, 2008 may be deemed the "filing" date for statute of limitations purposes in this case, after taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the instant petition was still filed a month too late.

---

[7] In *Lawrence,* 549 U.S. at 330-36, the Supreme Court held that the statute of limitations is not tolled under § 2244(d)(2) during the pendency of a petition for writ of certiorari to that Court from a state court's final post-conviction or collateral review decision. In light of *Lawrence,* prior Sixth Circuit precedent on this issue no longer may be applied to include for tolling purposes the period of time in which a petitioner could have but did not seek certiorari review by the United States Supreme Court. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc), *cert. denied,* 541 U.S. 1070 (2004).

To the extent that petitioner contends he is entitled to review of his otherwise time-barred petition under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations," *Pace*, 544 U.S. at 418 n.8. However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace,* the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)).

Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*.

Petitioner does not argue, nor is there evidence in the record to suggest, that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Indeed, the record suggests otherwise. In the Report and Recommendation issued on August 31, 2006 in the prior federal habeas action brought by petitioner, the magistrate judge explicitly addressed the one-year statute of limitations governing petitioner's claims. (*See* Doc. 10, Ex. 34, pp. 10-13 & n. 9).

Moreover, in the prior federal habeas case, the Court expressed "serious concerns" as to whether good cause could be established for petitioner's failure to file an application for reopening of the appeal because petitioner had "long been on notice that the remedy of an application for delayed reopening [was] available for him to pursue his ineffective assistance of appellate counsel claim." (*Id.,* p. 10). The magistrate judge specifically cited the trial court's February 20, 2004 decision denying petitioner's application for state post-conviction relief, wherein the court expressly indicated that the "appropriate remedy for ineffective assistance of appellate counsel claims is by way of a motion [under *State v. Murnahan,* 584 N.E.2d 1204 (Ohio 1992),] to the Ohio Court of Appeals." (*Id.*).

The undersigned assumes, without deciding, that despite petitioner's significant delay in filing a reopening application or presenting certain other of his claims at an earlier time to the state courts, petitioner diligently pursued various state court remedies. However, the same cannot be said of petitioner's pursuit of federal habeas relief. Petitioner waited nearly seven months after the last decision was rendered by the Supreme Court of Ohio on August 29, 2007 in the state court proceedings to execute and submit his motion for appointment of counsel for the purpose of assisting in refiling a federal habeas petition. Petitioner is unable to justify this delay given that he was expressly placed on notice when his first habeas petition was dismissed without prejudice that any subsequently-filed application for reopening or other state post-conviction petition would not toll the statute of limitations if the Ohio courts were to deny those motions on timeliness grounds. (*See id.,* pp. 12-13 n.9). Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Finally, contrary to his contentions in his "traverse" brief (*see* Doc. 17), petitioner has not demonstrated that he is entitled to equitable tolling based on a colorable showing of actual innocence.

15

In *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), the Sixth Circuit, following *Schlup v. Delo*, 513 U.S. 298 (1998), held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." The *Souter* court stated that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter*, 395 F.3d at 602.

To make the necessary showing, petitioner must support his allegations of constitutional error "with new *reliable* evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added). Petitioner has made no such showing in this case. Moreover, although petitioner has alleged that the evidence presented at trial was insufficient to establish he was guilty of aggravated arson, establishing a colorable claim of actual innocence requires a showing of factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

Accordingly, in sum, the undersigned concludes that the claims alleged as grounds for relief in the instant federal habeas petition are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). After taking into account statutory tolling under § 2244(d)(2), the statute of limitations, which commenced running in January 2005, expired on February 26, 2008. Equitable tolling principles do not apply to justify excusing the limitations bar in this case. The instant petition, whether it is deemed "filed" as early as March 20, 2008 or as late as April 24, 2008, was not filed before the expiration of the limitations period and is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED** with prejudice as time-barred.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice

on procedural statute of limitations grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[8]

    3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   7/13/09                                 s/Timothy S. Black
       cbc                                                Timothy S. Black
                                                            United States Magistrate Judge


J:\BRYANCC\2009 habeas orders\08-311denypet.sol-priorpet-properlyfiled-actinn.wpd

---

[8] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the petition. *See Slack,* 529 U.S. at 484.

17

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Daniel J. Campbell,
    Petitioner,

           v.

Warden, Madison Correctional
 Institution,
    Respondent.

Case No. 1:08cv311
(Spiegel, S.J.; Black, M.J.)

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within 10 days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within 10 days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).