```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

DANIEL J. CAMPBELL,            :
                               :
        Petitioner,            :    NO. 1:08-CV-311
                               :
   v.                          :
                               :    **OPINION AND ORDER**
WARDEN, MADISON                :
CORRECTIONAL INSTITUTION,      :
                               :
        Respondent.            :

This matter is before the Court on the Magistrate Judge's July 13, 2009 Report and Recommendation (doc. 20), and Petitioner's Objections (doc. 22).

This matter involves an extensive procedural history, with two trials, numerous motions, and various attempts by Petitioner to challenge his 18-year prison sentence for his 2002 conviction on two counts of aggravated arson. The Magistrate Judge offers a detailed factual and procedural history, which the Court need not repeat here, and which it incorporates by reference (doc. 20). At issue here is Petitioner's 2008 Petition for Writ of Habeas Corpus (doc. 4), which the Magistrate Judge recommended the Court dismiss with prejudice as time-barred (doc. 20).

In his Report and Recommendation, the Magistrate Judge found that the statute of limitations expired on February 26, 2008, but that Petitioner did not take any action to file a second habeas petition until March 20, 2008 when he signed a motion for

appointment of counsel to assist in refiling a petition (doc. 20). Ultimately, Petitioner filed his Petition on April 24, 2008 (doc. 20). Consequently, the Magistrate Judge found that even if the Court would consider the March 20, 2008 date as the filing date for purposes of the statute of limitations, Petitioner was still one month late after taking into account statutory tolling under 28 U.S.C. § 2244(d)(2) (Id.). The Magistrate Judge further found Petitioner is not entitled to equitable tolling of the statute of limitations because he has not shown that extraordinary circumstances prevented him from filing a timely petition, nor has he shown he lacked notice of the requirement or provided justification for his delay (Id. citing Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), Dunlap v. United States, 250 F.3d 1001, 1003 (6th Cir.), cert. denied 534 U.S. 1057 (2001)). Finally, the Magistrate Judge rejected Petitioner's claim of actual innocence, finding that Petitioner failed to proffer new reliable evidence that was not presented at trial (Id. citing Sclup v. Delo, 513 U.S. 298 (1988)). Consequently, the Magistrate Judge concluded that Petitioner's Petition should be dismissed as time-barred, that no certificate of appealability should issue, and that the Court should deny Petitioner leave to proceed on appeal in forma pauperis (Id.).

In his objection, Petitioner does not challenge the Magistrate Judge's conclusion that the statute of limitations expired on February 26, 2008, but rather contends the Court should

construe his Petition as timely filed on January 8, 2008, and that he should be entitled to equitable tolling based on his showing of actual innocence (doc. 22). Petitioner further contends that he has made a showing of actual innocence with affidavits of witnesses, and eyewitnesses who testify that he was not at home at the time of the fire which he was accused of setting (Id.).

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is well-reasoned and correct. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 9), and denies Petitioner's Objections (doc. 10).

In spite of Petitioner's objections to the Magistrate

3

Judge's Report and Recommendation, the Court finds that the Magistrate Judge correctly calculated the statute of limitations and demonstrated that Petitioner filed his Petition too late. Equitable tolling principles do not apply to justify excusing the statute of limitations bar in this case.  The Court further finds no basis for tolling the statute of limitations based on the affidavits he has proffered.  The Court has reviewed such material and notes that it was all available at the time of trial, and agrees with the Magistrate Judge's conclusion that such affidavits do not constitute new reliable evidence.

Accordingly, for the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 20), and DENIES WITH PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus as time-barred (doc. 4).  The Court further FINDS that a certificate of appealability should not issue with respect to the Petition, which the Court has concluded is barred by the statute of limitations because, under the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) than an appeal of this Order would not be taken in "good faith" and, therefore, the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R.

4

App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    SO ORDERED.

Dated: June 9, 2010         s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge